846 F.2d 73
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
James ROBERTS, Plaintiff-Appellant,
v.
R.B. JENKINS, Individually and in his official capacity as
Game Warden, Defendant-Appellee.
 No. 87-2078.
 United States Court of Appeals, Fourth Circuit.
 Argued April 5, 1988.
Decided April 29, 1988.
 
 Gerald T. Zerkin (Zerkin & Kozak on brief) for appellant.
 John R. Butcher, Assistant Attorney General (Mary Sue Terry, Attorney General on brief) for appellee.
 Before HARRISON L. WINTER, Chief Judge, K.K. HALL, Circuit Judge and JOHN A. MACKENZIE, District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM:
 
 
 1
 From the judgment entered on a jury verdict in favor of R.B. Jenkins, a Virginia game warden, plaintiff James Roberts appeals. Roberts argues that the district court gave erroneous jury instructions on his suit under 42 U.S.C. Sec. 1983 for the use of excessive force in arresting him and his pendent Virginia state claim of assault and battery. We perceive no merit in the appeal, and we therefore affirm.
 
 I.
 
 2
 Jenkins testified at trial that while he was investigating possible game law violations, he witnessed Roberts' truck driving at a high rate of speed and spinning its wheels. Jenkins followed Roberts' vehicle and detained Roberts. While Jenkins was making a license check by radio, Jenkins fled on foot. Roberts gave chase and tackled Jenkins. It is undisputed that in the course of Jenkins' efforts to reestablish custody over Roberts, Roberts' shoulder was injured.
 
 II.
 
 3
 Roberts argues that the district court erred in instructing the jury that Roberts had a duty to submit to arrest. However, Roberts does not appeal from the district court's pretrial grant of summary judgment to Jenkins on Roberts' claim of arrest without probable cause and false imprisonment, and we perceive no error in the grant of summary judgment. See Yeatts v. Minton, 211 Va. 402, 177 S.E.2d 646, 648 (1970) (probable cause can exist even if officer did not observe actual events constituting misdemeanor). Therefore, the validity of the arrest being established, the district court did not err in instructing the jury that Roberts had a duty to submit to arrest.
 
 III.
 
 4
 Roberts also argues that the district court erred in instructing the jury that "an officer has a right to use such force as is necessary under the circumstances to effect the arrest." He contends that instead the district court should have accepted his proffered instruction that in Virginia "officers have no right to inflict serious bodily harm upon one who is simply fleeing arrest for a misdemeanor." This language was drawn from a dictum in Crosswhite v. Barnes, 139 Va. 471, 124 S.E. 242 (1924). The district court did instruct the jury that "every person has a right not to be subjected to unreasonable or excessive force," and its instruction that reasonable force and only reasonable force may be used is an accurate statement of Virginia law. See Parker v. McCoy, 212 Va. 808, 188 S.E.2d 222, 226 (1972); Pike v. Eubank, 197 Va. 692, 90 S.E.2d 821, 1825 (1956), which we think are controlling.
 
 
 5
 AFFIRMED.